No. 2005.—ALCIDE BOUANCHAUD, Appellee, *v.* CHARLES D'HEBERT, Appellant.

Section 4 of the act of the Legislature, approved September 4, 1868, No. 51, making the clerks of District Courts *ex officio* clerks of the Parish Courts, is in conflict with Article 117 of the Constitution of 1868, which declares that "No person shall hold or exercise, at the same time, more than one office of trust or profit, except that of justice of the peace or notary public."

Section 9 of the same act conflicts with article 86 of the Constitution, which declares that the Parish Judges of the several parishes shall receive a salary and fees to be provided by law. The above numbered sections of the act No, 51, approved September 4, 1868, are unconstitutional and void. Constitution, arts. 86 and 117.

APPEAL from the Seventh District Court, Parish of Pointe Coupee, Miller, J.  *Cooley & Philips*, for petitioner and appellee.  *F. H. Farrar*, for defendant and appellant.

WYLY, J.  Plaintiff, who is Judge of the Parish Court of the parish of Pointe Coupee, has enjoined the defendant, who is clerk of the District Court of said parish, from acting as clerk of the Parish Court, and from collecting the fees of that office, which, he contends, belongs to him under the provisions of the Constitution.

He avers that the claims and pretentions of the defendant to the office of Parish Clerk, and the fees and emoluments thereof are based upon an act of the Legislature approved September 4, 1868, which provides that the clerks of the several District Courts of this State shall be *ex officio* clerks of the Parish Courts, and which prohibits Parish Judges from receiving any fees; all of which, he contends, is contrary to and in violation of the Constitution of this State, which provides (article 86) that Parish Judges "shall receive a salary and fees, to be provided by law.  Until otherwise provided, each Parish Judge shall receive a salary of one thousand two hundred dollars per annum, and such fees as are established by law for District Clerks."

He avers that, under this provision of the Constitution, he has the exclusive right to act as clerk of his own court and receive the fees thereof.

He further represents that said act is unconstitutional, because it authorizes and requires the clerk of the District Court to hold and exercise the office of clerk of the Parish Court, two separate offices of trust and profit, which is in violation of Article 117 of the Constitution.

The defendant denied generally the allegations of plaintiff; denied that the law making him *ex officio* clerk of the Parish Court is unconstitutional as alleged; and averred that plaintiff has no cause of action, and that he is estopped from pleading the unconstitutionality of said act, having drawn the additional salary stipulated therein.

There was judgment in favor of plaintiff perpetuating the injunction; and the defendant has appealed.

The facts are admitted.  The only question presented for our consideration is, whether that part of the act of fourth September, 1868,

which makes the clerk of the District Court *ex officio* the clerk of the Parish Court, and which declares that the Parish Judge shall have no fees of office, violates the provisions of the Constitution of 1868.

Article 117 of the Constitution declares that "No person shall hold or exercise, at the same time, more than one office of trust or profit, except that of justice of the peace or notary public."

The fourth section of the act approved September 4, 1868, provides "That the clerks of the several District Courts shall be *ex officio* clerks of the Parish Courts, and that the clerk or his regularly appointed and qualified deputy, shall always be in attendance on the Parish Court at all its terms and sittings." It also prescribes certain duties to the clerks and imposes a fine for failure to perform those duties.

We think this section clearly creates the office of Parish Clerk, and the words "*ex officio*" do not make it the less an office of trust. It is a separate office, and the designation of the District Clerk to fill it, is contrary to article 117 of the Constitution, and is, therefore, null and void

Article 86 of the Constitution declares that "For each Parish Court one Judge shall be elected by the qualified electors of the parish. He shall hold his office for the term of two years. He shall receive a salary and fees, to be provided by law. Until otherwise provided, each Parish Judge shall receive a salary of one thousand two hundred dollars, and such fees as are established by law for clerks of the District Courts. He shall be a citizen of the United States and of this State."

The ninth section of said act of September 4, 1868, provides "That the Parish Judges shall have a salary, payable quarterly, on their own warrant on the State Treasurer, graduated as follows: in parishes having one member in the House of Representatives, two thousand dollars; in parishes having two or more members in the House of Representatives, two thousand five hundred dollars, *and they shall have no fees of office.*"

From a careful consideration of the eighty-sixth article of the Constitution, we are of opinion that the Parish Judge is entitled to receive a salary and fees, to be provided by law; and until the Legislature establishes other fees, he is authorized to receive the same fees in cases in his court as the clerks of the District Courts are authorized by law to charge in like cases in the District Courts.

We think that part of the ninth section of said act which declares that Parish Judges "shall have no fees of office," is also unconstitutional and void.

The eighty-sixth article of the Constitution secures to plaintiff, who is admitted to be Parish Judge, both a salary and fees; and while it permits the Legislature to fix the amount of the salary and fees, it does not authorize them to deprive him of the one or the other. The Legislature had no more power to deprive him of fees than of a salary. It could not deprive him of either.

The Constitution evidently permits Parish Judges to perform the judicial and ministerial duties of their offices, and to receive in compensation therefor both salaries and fees.

It is therefore ordered, that the judgment appealed from be affirmed with costs.